UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>                              Plaintiff,<br><br>v.<br><br>HARNEY HOSPITALITY, LP, a California limited partnership doing business as Best Western Plus Hacienda Hotel Old Town,<br><br>                              Defendants. | Case No.: 3:18-cv-02580-CAB-(WVG)<br><br>**ORDER ON MOTION TO SET ASIDE DEFAULT**<br>**[Doc. No. 6]** |

On November 10, 2018, Plaintiff Theresa Brooke, filed a verified complaint alleging violations of Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, *et seq.,* the California Civil Rights Act ("UNRUH"), California Civil Code sections 51, 52, and the California Disabled Persons Act ("DPA"), California Civil Code sections 54-54.3. [Doc. No. 1.] The summons was issued and served on November 15, 2018. [Doc. Nos. 2, 3.]

On December 9, 2018, Plaintiff filed a Request for Entry of Default against Defendant [Doc. No. 4] and on December 10, 2018, the Clerk entered the Default [Doc. No. 5]. On December 17, 2018, Defendant filed a Motion to Set Aside Clerk's Entry of

Default with a noticed hearing date of January 21, 2019. [Doc. No. 6.] As of the date of this order, Plaintiff has not filed an opposition.

A court may set aside a default for good cause shown. Fed. R. Civ. P. 55(c). Factors to consider include whether a defendant engaged in culpable conduct, whether defendant has a meritorious defense, and whether setting aside default will prejudice plaintiff. *See Franchise Holding, II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004).

Here, the Court has reviewed the motion which states that Defendant's agent for service of process, Mr. Harkins, was not the individual served with a copy of the complaint and Plaintiff's request for entry of default was prematurely filed. [Doc. No. 6-1 at 4-5.] In consideration of the circumstances surrounding the serving of the complaint, the miscalculation surrounding when Defendant's answer was due, and in light of the fact that Plaintiff has not opposed the motion, the Court concludes that good cause has been shown and that setting aside the default will not prejudice plaintiff. Accordingly, the Court **GRANTS** the motion. [Doc. No. 6.]

The entry of default against Defendant is vacated. [Doc. No. 5]. Defendant shall answer or otherwise respond to the complaint **no later than February 20, 2019.**[1]

**IT IS SO ORDERED.**

Dated: January 30, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] No filings with the Court courtesy, or ortherwise, should have "blue backs."