UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Theresa Brooke,<br><br>                            Plaintiff,<br><br>v.<br><br>Harney Hospitality, LP, a California limited partnership DBA Best Western Hacienda Hotel Old Town,<br><br>                           Defendant. | Case No.: 18cv2580-CAB-WVG<br><br>**ORDER SUA SPONTE DECLINING SUPPLEMENTAL JURISDICTION** |

      On November 10, 2018, Plaintiff Theresa Brooke filed a complaint for: (1) violation of Title III of the Americans with Disabilities Act, (2) violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§51, 52; and (3) violation of the California Disabled Persons Act, Cal. Civ. Code §§54-54.3. [Doc. No. 1.] Defendant Harney Hospitality has now answered the complaint. [Doc. No. 8.]

      The Court *sua sponte* **HEREBY DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(c)(2) and (c)(4). Supplemental jurisdiction to hear state law claims is granted to the federal courts under 28 U.S.C. § 1367(a). The statute provides:

      [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims

> that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). "Supplemental jurisdiction is mandatory unless prohibited by § 1367(b), or unless one of the exceptions in § 1367(c) applies." *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1028 (S.D. Cal. 2017). A district court may decline supplemental jurisdiction over a state law claim under § 1367(c) if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). While the presence of any of the conditions in § 1367(c) triggers the court's discretion to decline supplemental jurisdiction, it is informed by considering "the values of economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

When a district court declines supplemental jurisdiction over a state law claim pursuant to any of the first three provisions of §1367(c), the court need not state its reasons for dismissal. *San Petro Hotel Co. v. City of L.A.*, 159 470, 478 (9th Cir. 1988). But, if jurisdiction is declined under § 1367(c)(4), the district court "must articulate whey the circumstances of this case are exceptional." *Id.* (quoting *Exec. Software N. Am., Inc. v. U.S. Dist. Ct.*, 24 F.3d 1545, 1557 (9th Cir. 1994)).

Here, Plaintiff has alleged the Best Western Plus Hacienda Hotel Old Town has violated the ADA because it does not have a Passenger Loading Zone that complies with Section 503 of the 2010 Standards of Accessible Design. [Doc. No. 1 at ¶ 4.]

If proven, this violation would entitle Plaintiff to a minimum award of $4000 under the Unruh Act. *See* CAL. CIV. CODE § 52(a) (The Unruh Act provides that a defendant is "liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than four thousand dollars ($4,000)."). In addition, Plaintiff seeks a minimum of $1000 under the California Disabled Persons Act. Whereas under the ADA, the only relief Plaintiff is entitled to is injunctive relief. Therefore, the Court concludes that the monetary damages sought by Plaintiff under the Unruh Act and California Disabled Persons Act substantially predominate over federal injunctive relief. *See Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1030 (S.D. Cal. 2017) (finding that monetary damages of $36,000 sought by plaintiff under the Unruh Act substantially predominate over federal injunctive relief).

Furthermore, an additional compelling reason to decline supplemental jurisdiction in this case is provided by the legislative history to the Unruh Act itself. In 2012, in an attempt to deter baseless claims and vexatious litigation, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act. *See* CAL. CIV. PRO CODE § 425.50[1]; SB 1186, Chapter 383 § 24 (Ca. 2012). "Therefore, as a matter of comity, and in deference to California's substantial interest in discouraging unverified disability discrimination claims, the Court declines supplemental jurisdiction over Plaintiff's Unruh Act claim." *Schutza*, 262 F. Supp. 3d at 1031. *See also Schutza v. Lamden*, Case No.: 3:17-cv-2562-L-JLB, 2018 WL 4385377, at *5. (S.D. Cal. Sept. 14, 2018) (finding it improper to allow plaintiff to use the federal court as an end-around to California's pleading requirements); *Hitching Post I,* 2005 WL 3952248 at *8-9

---

[1] Under the Unruh Act a plaintiff alleging disability discrimination must include in his complaint: (1) an explanation of the specific access barrier or barriers encountered; (2) the way in which the barrier denied the individual full and equal access, or in which it deterred the individual on each particular occasion. (3) the date/s when the claimant encountered the specific barriers. The section also contains additional requirements for high-frequency litigants. CAL. CIV. PROC. CODE § 425.50.

(declining compelling reasons exists to decline supplemental jurisdiction over Unruh Act claims including "California courts should be given an opportunity to interpret California's disability laws, … , and because the parties themselves are entitled surer-footed interpretation of California's disability laws").

In accordance with the foregoing, the Court *sua sponte* declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and Plaintiff's California Unruh Act claim and California Disabled Persons Act claim are **DISMISSED WITHOUT PREJUDICE** to asserting them in state court. The case shall proceed only as to Plaintiff's claim under the ADA for injunctive relief.

It is **SO ORDERED**.

Dated: February 26, 2019

Hon. Cathy Ann Bencivengo
United States District Judge